ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| FAUSTINO GARCÍA RIVERA<br><br>Peticionario<br><br>v.<br><br>HARRISON TYLER HINES<br><br>Recurrido | **KLCE202401385** | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de Carolina<br><br>Civil Núm.: CA2023CV03655<br><br>Sobre: Desahucio por falta de pago |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

Bonilla Ortiz, Juez Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico a 22 de enero de 2025.

Comparece ante este foro el Sr. Faustino García Rivera (señor García o peticionario) y solicita que revisemos una *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina, notificada el 19 de diciembre de 2024. Mediante la referida *Orden*, el foro primario ordenó que se restituyeran los servicios de energía eléctrica y agua potable del inmueble objeto de la demanda en un periodo de veinticuatro (24) horas so pena de desacato.

Por los fundamentos que se exponen a continuación, **DENEGAMOS** expedir el auto de *certiorari*.

### I.

El 14 de noviembre de 2023, el señor García presentó una *Demanda* sobre desahucio y cobro de dinero en contra del Sr. Harrison Tyler Hines (señor Hines o recurrido).[1] En esta, alegó que el peticionario suscribió un contrato

---

[1] *Demanda*, págs. 1-3 del apéndice del recurso.

de arrendamiento con el señor Hines sobre un apartamento localizado en: 7 Calle Amapola, Cond. Playa Esmeralda, PH2, Carolina, PR 00979. Indicó que, el contrato tenía vigencia hasta el 1 de noviembre de 2024 y con un canon mensual de arrendamiento de $8,000.00. Además, que el recurrido se hacía responsable de pagar las utilidades, incluyendo electricidad, internet y acueductos y alcantarillados.

No obstante, esbozó que el señor Hines no pagó el canon de arrendamiento correspondiente al mes de noviembre de 2023, así como tampoco utilidades de electricidad, internet y acueductos y alcantarillados. Por tanto, solicitó que se ordenara el lanzamiento del recurrido y que éste satisficiera las sumas de $10,746.90, más el pago de costas, intereses, gastos y honorarios de abogados.

En respuesta, el 7 de diciembre de 2023, el señor Hines presentó su *Contestación a Demanda y Reconvención*.[2] Mediante esta, alegó que el peticionario incumplió con lo pactado en el contrato de arrendamiento al no realizar las reparaciones necesarias a los equipos del apartamento. Asimismo, sostuvo que, no realizó el pago correspondiente al mes de noviembre de 2023, ni de las utilidades porque le solicitó al señor García una deducción a la renta mensual por éste incumplir con su obligación de mantener los equipos del apartamento. Incluso, que, durante el mes de noviembre, el apartamento estuvo la mayor parte del tiempo sin energía eléctrica, lo que impidió el disfrute del mismo según lo acordado.

---

[2] *Contestación a Demanda y Reconvención*, págs. 7-24 del apéndice del recurso.

Igualmente, señaló que el señor García tampoco le envió comunicación escrita sobre cualquier incumplimiento y que nunca hizo esfuerzo alguno de buena fe para resolver la controversia de epígrafe. Por tanto, solicitó al foro primario que dictara sentencia declaratoria determinando que el peticionario incumplió con el contrato de arrendamiento. A su vez, que se le impusiera una suma no menor de $20,000.00 en concepto de daños por verse impedido de disfrutar la propiedad según lo pactado. Además, solicitó la imposición de intereses legal pre-sentencia, costas y honorarios de abogados.

Después de varios tramites procesales, el Tribunal de Primera Instancia emitió una *Resolución* que fue notificada el 13 de febrero de 2024.[3] Mediante el referido dictamen, el foro primario dispuso lo siguiente:

> EL TRIBUNAL DECLARA HA LUGAR LA SOLICITUD DE RECONSIDERACIÓN QUE PRESENTÓ EL DEMANDADO EL 1 DE FEBRERO DE 2024, EN CONSECUENCIA, SE ORDENA AL DEMANDANTE QUE NO MÁS TARDE DEL 16 DE FEBRERO DE 2024 INFORME AL DEMANDADO LA CUANTÍA DE LAS CUOTAS DE MANTENIMIENTO CORRESPONDIENTES AL APARTAMENTO OBJETO DE LA DEMANDA Y QUE MENSUALMENTE LE INFORME LOS GASTOS INCURRIDOS POR LOS SERVICIOS BÁSICOS (ENERGÍA ELÉCTRICA, AGUA POTABLE, SERVICIO DE TELEVISIÓN POR CABLE, ETC.) PARA QUE ÉSTE LOS PAGUE A TIEMPO. EN LA ALTERNATIVA, SE ORDENA AL DEMANDANTE QUE PAGUE DICHOS CARGOS MENSUALES DE SU PROPIO PECUNIO. ESTA ORDEN SE EMITE COMO UN REMEDIO PROVISIONAL PARA EVITAR QUE POR RAZONES DEL LITIGIO DE ESTE PLEITO SE DESCONECTEN DICHOS SERVICIOS DEL INMUEBLE EN CONTROVERSIA.

No obstante, el 17 de diciembre de 2024, el señor Hines presentó una *Solicitud de Orden de Emergencia por corte de servicios de electricidad*.[4] En esta, alegó que un representante de LUMA removió el contador

---

[3] *Resolución y Notificación*, págs. 43-44 del apéndice del recurso.
[4] *Solicitud de Orden de Emergencia por corte de servicios de electricidad*, págs. 45-52 del apéndice del recurso.

correspondiente al inmueble del pleito cortándole así los servicios de electricidad. Además, indicó que al comunicarse con el señor García, en efecto, éste había ordenado la desconexión, en violación al remedio provisional otorgado por el Tribunal de Primera Instancia mediante la *Resolución* del 12 de febrero de 2024.

Por su parte, el peticionario presentó su *Moción en Oposición a Solicitud de Remedios*.[5] En su respuesta, alegó que el contrato de arrendamiento venció desde el 1 de noviembre de 2024 y que el recurrido ocupaba el inmueble en violación de la ley. A su vez, argumentó que el foro primario carecía de autoridad alguna para decretar por sí la extensión o continuación de un contrato que tenía fecha cierta de vencimiento.

Así las cosas, el 19 de diciembre de 2024, el Tribunal de Primera Instancia notificó una *Orden*.[6] Mediante la cual, ordenó que se restituyera los servicios de energía eléctrica y agua potable en el término de 24 horas so pena de desacato. Además, que en dicho término se debería presentar evidencia de cumplimiento de esa *Orden*.

Inconforme, el 20 de diciembre de 2024, el señor García presentó una *Moción en Solicitud de Reconsideración*.[7] Sin embargo, esta solicitud fue declarada "No Ha Lugar" por el Tribunal de Primera Instancia, haciendo la salvedad que la misma no interrumpió el término concedido para acatar la *Orden*

---

[5] *Moción en Oposición a Solicitud de Remedios*, págs. 53-55 del apéndice del recurso.
[6] *Orden*, pág. 60 del apéndice del recurso.
[7] *Moción en Solicitud de Reconsideración*, págs. 61-64 del apéndice del recurso.

emitida el 19 de diciembre de 2024.[8] Transcurrido el término sin haberse restablecido el servicio eléctrico, el foro primario señaló vista de desacato para el 27 de diciembre de 2024.[9]

Aún insatisfecho, el 20 de diciembre de 2024, el peticionario presentó el *certiorari* de epígrafe, mediante el cual sostuvo los siguientes señalamientos de error:

1. ERRÓ EL FORO DE INSTANCIA Y ACTUÓ EN CONTRAVENCIÓN A LA NORMA IMPERANTE EN NUESTRA JURISDICCIÓN EN MATERIA DE CONTRATOS AL REQUERIR AL SR. GARCÍA RIVERA LA RECONEXIÓN DE LOS SERVICIOS DE ENERGÍA ELECTRICA DE UN INMUEBLE EN EL CONTEXTO DE UN CONTRATO DE ARRENDAMIENTO QUE VENCIÓ.

2. ERRÓ EL FORO DE INSTANCIA AL EMITIR UNA ORDEN QUE IMPLICA, DE SUYO, UNA PRIVACIÓN PARA CON EL SR. GARCÍA RIVERA DE SU PROPIEDAD, Y LIBERTAD SIN UN DEBIDO PROCESO DE LEY.

En esa misma fecha, el 20 de diciembre de 2024, el señor García presentó una *Moción en Solicitud de "Auxilio de Jurisdicción"* en la cual solicitó la paralización de los procedimientos ante el foro primario. Sobre esto, el 26 de diciembre de 2024, este tribunal apelativo emitió una *Resolución* mediante la cual declaró No Ha Lugar a la *Moción en Solicitud de "Auxilio de Jurisdicción"*.

Por otra parte, el 2 de enero de 2025, el señor Hines presentó su *Oposición a la Expedición del Auto Certiorari*. Por lo tanto, con el beneficio de la comparecencia de ambas partes, procedemos a disponer del recurso de epígrafe.

---

[8] *Orden*, pág. 65 del apéndice del recurso.
[9] *Orden*, pág. 69 del apéndice del recurso.

**II.**

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita las instancias en que el Tribunal de Apelaciones expedirá un recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia. Es decir, cuando "se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo." Regla 52.1 de Procedimiento Civil, *supra*.

Asimismo, dispone los supuestos en que este foro intermedio podrá revisarlas, con carácter discrecional y a manera de excepción, en las siguientes instancias:

> [C]uando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

Por su parte, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, establece los criterios que este foro debe tomar en consideración al atender una solicitud de expedición de este recurso discrecional; a saber, si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho. Así también, debemos tomar en consideración si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por parte del foro primario.

También examinaremos si el asunto planteado exige consideración más detenida a la luz de los autos originales o de alegatos más elaborados, o si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración. Finalmente, debemos

analizar si la expedición del auto solicitado evita un fracaso de la justicia. *Véase*, Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

### III.

En síntesis, el peticionario alega que el foro primario erró al ordenar la reconexión de los servicios de energía eléctrica del inmueble que le arrendó al señor Hines, en vista de que el contrato de arrendamiento suscrito por las partes venció el 1 de noviembre de 2024. A su vez, aduce que la determinación del Tribunal de Primera Instancia lo privó de sus intereses propietarios sin el debido proceso de ley porque lo obligó a tolerar un ocupante en su propiedad sin derecho alguno a vivirla, más mantener servicios y utilidades con cargo a su peculio so pena de desacato.

Por su parte, el recurrido argumenta que el recurso se tornó académico toda vez que el señor García acató la *Orden* del foro primario y restableció el servicio de energía eléctrica. Asimismo, señala que el peticionario tuvo plena oportunidad para expresarse y ser escuchado durante la vista de desacato, cumpliendo así con las garantías constitucionales del debido proceso de ley.

Ahora bien, examinado el recurso de *certiorari* en conjunto con los escritos que obran en el expediente, a tenor con los criterios esbozados tanto en la Regla 52.1 de Procedimiento Civil, *supra*, y los de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, concluimos que este caso no amerita nuestra intervención en esta etapa. En este sentido, es norma reiterada que los foros revisores no intervendremos con las determinaciones de los tribunales revisados, a menos que estas sean contrarias a derecho o exista un abuso de

discreción.    A tales efectos, el peticionario no demostró que el foro primario haya aplicado el derecho incorrectamente, abusado de su discreción o alguna otra razón para justificar nuestra intervención.    Por lo cual, procede denegar el recurso de *certiorari*.

## IV.

Por los fundamentos antes expuestos, **DENEGAMOS** la expedición del auto de *certiorari*.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones